IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Brandon Harbin, | ) |
|       *Plaintiff*, | ) ) ) |
|       -vs- | ) No. 17-cv-____ ) |
| Chicago Police Officers T.M. Norris and B.M. Westcott and City of Chicago, | ) *(jury demand)* ) ) ) |
|       *Defendants*. | ) ) |

# COMPLAINT

Plaintiff, by counsel, alleges as follows:

1. This is a civil action arising under 42 U.S.C. § 1983. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343 and § 1367.

2. Plaintiff Brandon Harbin is a resident of the Northern District of Illinois.

3. Defendants Chicago Police Officers T.M. Norris and B.M. Westcott were, at all times relevant, acting under color of their offices as Chicago police officers.

4. Defendant City of Chicago is an Illinois municipal corporation.

5. On December 26, 2014, defendants Norris and Westcott, using excessive and unreasonable force, arrested plaintiff. Plaintiff does not assert a claim of false arrest or excessive force.

6. Defendants Norris and Westcott conspired, confederated, and agreed to frame plaintiff for criminal offenses to cover up their wrongful conduct.

7. In furtherance of this conspiracy, defendants Norris and Westcott concocted the false story that plaintiff had resisted arrest and had committed a battery against defendant Norris.

8. Defendants Norris and Westcott put this fabricated story into official police reports and criminal complaints and communicated it to prosecutors.

9. As a result of the wrongful conduct of defendants Norris and Westcott, plaintiff was held in custody at the Cook County Jail until December 15, 2015 when he was exonerated at trial.

10. At all times relevant, the City of Chicago has known and encouraged a "code of silence" among police officers employed by the City of Chicago.

11. As summarized by the United States Department of Justice in its official report entitled "Investigation of the Chicago Police Department," January 13, 2017, at 75:

> a. "One way to cover up police misconduct is when officers affirmatively lie about it or intentionally omit material facts."
>
> b. "The Mayor has acknowledged that a 'code of silence' exists within CPD, and his opinion is shared by current officers and former high-level CPD officials interviewed during our investigation."
>
> c. "Indeed, in an interview made public in December 2016, the President of the police officer's union admitted to such a code of silence within CPD, saying 'there's a code of silence everywhere, everybody has it . . . so why would the [Chicago Police] be any different.'"

12. The United States Department of Justice concluded that "a code of silence exists, and officers and community members know it." Report at 75.

13. Defendant City of Chicago's "code of silence" was another cause of the conduct of Defendants Norris and Westcott because they

acted pursuant to the "code of silence," when they concocted their false story and fabricated evidence.

14. As a result of the foregoing, plaintiff was deprived of rights secured by the Fourth and Fourteenth Amendments.

15. Plaintiff hereby demands trial by jury.

Accordingly, plaintiff requests that appropriate compensatory and punitive damages be awarded against defendants Norris and Westcott, that appropriate compensatory damages only be awarded against defendant City of Chicago, and that the Court grant reasonable fees and costs.

/s/ Kenneth N. Flaxman
KENNETH N. FLAXMAN
ARDC No. 830399
Joel A. Flaxman
200 S Michigan Ave Ste 201
Chicago, IL 60604-2430
(312) 427-3200
*Attorneys for Plaintiff*